DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Attorney
SEAN F. CONNOLLY, State Bar #152235
BRADLEY A. RUSSI, State Bar #256993
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3863 [Connolly]
Telephone:     (415) 554-3964 [Russi]
Facsimile:      (415) 554-3837
Email:           sean.connolly@sfgov.org
Email:           brad.russi@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE CALDWELL, | Case No. 12-cv-1892 EDL |
| Plaintiff, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; KITT CRENSHAW; ARTHUR GERRANS; JAMES CROWLEY; and DOES 1-10, inclusive, | Trial Date:        April 6, 2015 |
| Defendants. | |

Stipulated Protective Order
Caldwell v. CCSF; Case No. 12-cv-1892

1

# STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1. CONFIDENTIAL, within the meaning of this PROTECTIVE ORDER, shall mean any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law. CONFIDENTIAL MATERIALS means any Documents, Testimony or Information as defined below designated as CONFIDENTIAL pursuant to the provisions of this PROTECTIVE ORDER. DOCUMENTS means (i) any "Writing", "Original", and "Duplicate" as those terms are defined by the California Evidence Code Sections 250, 255, and 260 which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing. INFORMATION means the contents of TESTIMONY or DOCUMENTS. TESTIMONY means all depositions, declarations or other testimony taken or used in this Proceeding. The Designating Party shall have the right to designate as CONFIDENTIAL any DOCUMENTS, INFORMATION OR TESTIMONY that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law. The entry of this PROTECTIVE ORDER does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including, but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion. The Designating Party shall attempt to stamp "Confidential" on all such documents prior to production. In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped as "Confidential," the party who notices this oversight shall immediately make it known to the other parties and the documents shall immediately be stamped as "Confidential" and treated as such, as per this order.

1    CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall also include any and all documents containing peace officer Personnel Information, private information, confidential information, including any and all records made pursuant to citizen complaint, or other administrative or internal Department investigation, that a Designating Party considers in good faith to be or to contain Confidential, Official Information, or otherwise protected information, shall be subject to this Order and stamped or otherwise designated "Confidential."

2.   The Non-Designating Party may challenge the Designating Party's designation of a particular document as CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the Court. The parties agree that the prevailing party in a motion to remove the confidential designation shall waive any entitlement to monetary sanctions, including attorney's fees.

3.   Unless disclosure is ordered by the Court, attorneys for a Designating Party shall have the sole authority to determine that materials designated pursuant to this PROTECTIVE ORDER by that Party are no longer considered CONFIDENTIAL INFORMATION and will advise counsel for the Non-Designating Parties in writing if this determination is made.

4.   Any CONFIDENTIAL INFORMATION that is disclosed or produced by any party or non-party in connection with this case may be used only for prosecuting, defending, or attempting to settle this litigation. CONFIDENTIAL INFORMATION may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, all parties or non-parties that have received CONFIDENTIAL INFORMATION must comply with the provisions of section 11, below. All parties or non-parties that have received CONFIDENTIAL INFORMATION must store and maintain it in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.   A Non-Designating Party may exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION only to the following categories of person and no other unless authorized by order of the Court:

   a.   the Non-Designating Party's Counsel;

   b.   Those partners, employees and agents of a Non-Designating Party that counsel for such party deems necessary to aid counsel in the prosecution and defense of this

Proceeding.  This is provided that prior to the Disclosure of CONFIDENTIAL MATERIALS such individual agrees to comply with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A.  Counsel shall file and serve that document upon its execution.

   c. Experts, investigators or consultants retained by a Non-Designating Party to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A.  The Non-Designating Party's counsel shall file and serve that document upon its execution; however, the Non-Designating Party's counsel shall not be required to file any Agreement to Comply any earlier than the date that Expert Disclosures are required to be made.  Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person.

6. Counsel for Plaintiff may not provide originals or copies of the CONFIDENTIAL INFORMATION to any plaintiff absent the written agreement of counsel for Defendants or a court order, subject to the following:

   a. For purposes of evaluating the settlement value or potential jury verdict, counsel for Plaintiff may discuss the general nature of the CONFIDENTIAL INFORMATION with Plaintiff without disclosing any identifying details about a specific witness or any documents.  Plaintiff's counsel may also review with Plaintiff any statement or interview given by Plaintiff.

7. Unless otherwise stipulated to by the Designating Party, any use of CONFIDENTIAL INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION in any papers or pleadings filed with the Court, shall be filed under seal pursuant to the Court's rules and procedures (see Northern District of California Civil Local Rule 79-5).  The sealed envelopes shall be endorsed with the caption of this litigation, and an indication of the nature of the contents of the envelopes and a statement substantially in the following form:

> "This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be

Stipulated Protective Order    4
Caldwell v. CCSF; Case No. 12-cv-1892

> displayed or revealed except by further order of the Court or written consent of
> the City and County of San Francisco."

8. In the event any person desires to exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this stipulation during trial or pretrial proceedings, such person shall meet and confer with counsel for the Designating Party to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure, and if the Designating Party does not agree to such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless authorized by order of the Court. Unless otherwise agreed, transcripts and exhibits that incorporate or reference CONFIDENTIAL INFORMATION covered under this stipulation shall be treated as CONFIDENTIAL INFORMATION that is subject to the provisions of this PROTECTIVE ORDER. The Court Reporter shall mark as "Confidential" any deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

9. If a party who has received CONFIDENTIAL INFORMATION learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this PROTECTIVE ORDER, the party must immediately (a) notify counsel for the Designating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the document that is attached hereto as Exhibit A.

10. Any inadvertent disclosure made in violation of this PROTECTIVE ORDER shall be immediately corrected by the offending party and does not constitute a waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the parties, or further order of this Court.

11. All documents covered by this PROTECTIVE ORDER and copies thereof (including those in the possession of experts, consultants, etc.) will be returned to the Designating Party at the termination of this litigation. On final disposition of this case, counsel for a Non-Designating Party shall within 30 days after the final disposition of this case, without request or further order of this Court, return all CONFIDENTIAL INFORMATION to counsel of record for the Designating Party in

Stipulated Protective Order     5
Caldwell v. CCSF; Case No. 12-cv-1892

1  this matter. The provisions of this PROTECTIVE ORDER shall, without further order of the Court,
2  continue to be binding after the conclusion of the action, and this Court will have jurisdiction to
3  enforce the terms of this PROTECTIVE ORDER.
4      12.    Should plaintiffs and plaintiffs' counsel or defendants or defendants' counsel fail to
5  comply with this PROTECTIVE ORDER, the violating party shall be liable for all costs associated
6  with enforcing this agreement, including but not limited to all attorney fees in amounts to be
7  determined by the Court.
8  / / / /
9  / / /
10  / / /
11  / / /
12  / / /
13  / / /
14  / / /
15  / / /
16  / / /
17  / / /
18  / / /
19  / / /

Stipulated Protective Order      6
Caldwell v. CCSF; Case No. 12-cv-1892

Plaintiff and plaintiff's counsel and defendants and defendants' counsel may also be subject to additional sanctions or remedial measures, such as contempt, evidentiary or terminating sanctions.

IT IS SO STIPULATED.

Dated: July 15, 2013

        DENNIS J. HERRERA
        City Attorney
        CHERYL ADAMS
        Chief Trial Attorney
        SEAN F. CONNOLLY
        BRADLEY A. RUSSI
        Deputy City Attorneys

By: */s/ Bradley A. Russi*
     BRADLEY A. RUSSI

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

DATED: July 15, 2013        **THE CLAYPOOL LAW FIRM**

By:  */s/ Brian E. Claypool**
      Brian E. Claypool
      Attorney for Plaintiff

DATED: July 15, 2013        **NORTHERN CALIFORNIA INNOCENCE PROJECT**

By:  */s/ Linda Starr**
      Linda Starr
      Attorney for Plaintiff

*Pursuant to General Order 45, §X.B., the filer of this document attests that he has received the concurrence of this signatory to file this document.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

Stipulated Protective Order
Caldwell v. CCSF; Case No. 12-cv-1892

8

**AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION**

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION.  I agree to abide by all terms of the Order.  In addition, I specifically understand and agree to the following:

1. I will not disclose the CONFIDENTIAL INFORMATION to any other person.
2. I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.
3. I agree not to make copies of the CONFIDENTIAL INFORMATION.
4. I agree to return the CONFIDENTIAL INFORMATION to the counsel for the party that produced it, at or before the conclusion of this litigation.

AGREED:

_____
DATE

_____
SIGNATURE

_____
PRINT NAME

Stipulated Protective Order                                  9
Caldwell v. CCSF; Case No. 12-cv-1892

| | |
|---|---|
| 1 | DENNIS J. HERRERA, State Bar #139669<br>City Attorney |
| 2 | CHERYL ADAMS, State Bar #164194<br>Chief Trial Attorney |
| 3 | SEAN F. CONNOLLY, State Bar #152235<br>BRADLEY A. RUSSI, State Bar #256993 |
| 4 | Deputy City Attorney<br>Fox Plaza |
| 5 | 1390 Market Street, Sixth Floor<br>San Francisco, California 94102-5408 |
| 6 | Telephone:     (415) 554-3863 [Connolly]<br>Telephone:     (415) 554-3964 [Russi] |
| 7 | Facsimile:      (415) 554-3837<br>Email:            sean.connolly@sfgov.org |
| 8 | Email:            brad.russi@sfgov.org |

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE CALDWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; KITT CRENSHAW; ARTHUR GERRANS; JAMES CROWLEY; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 12-cv-1892 EDL<br><br>**[PROPOSED]** PROTECTIVE ORDER<br><br>Trial Date:         April 6, 2015 |

**ORDER**

Based on the above entered Stipulation, IT IS SO ORDERED

Dated: July 15, 2013

_____
THE HONORABLE ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE