UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE CALDWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 12-cv-01892-EDL<br><br>**ORDER**<br>Re: Dkt. No. 218 |

On October 13, 2015, this Court granted Defendants' motion to compel a mental examination of Plaintiff and ordered the Parties to meet and confer as to the specific tests which will be administered. On October 22, 2015, the Parties filed a joint letter indicating that three disputes remain with regard to the scope of the examination: (1) whether both the MMPI-2 and the MCMI-III tests should be administered; (2) whether the clinical interview portion of the examination should be limited to two hours; and (3) whether the examination should be audio recorded.

Defendants' psychologist, Dr. Berg, states the MMPI-2 "has many clinical scales assessing mental health problems such as depression, anxiety, and post-traumatic stress disorder" and that it will help her "corroborate or contradict [her] conclusions about [Plaintiff] by cross referencing [her] findings with the test's empirical data." (Berg Decl. ¶ 11.) She also states that the test "is good at detecting deception or self-deception of a patient, which are both critical to understanding a person's psychological profile and damage." Although Plaintiff argues, without citation, that the MCMI-III is duplicative of the MMPI-2, Dr. Berg states that the MCMI-III is "not redundant or the same as the MMPI-2, though they are similar in that they both rely on self-reporting" and that "both are critical components of completing a full psychological diagnosis." (Id. ¶ 12.) Moreover, Dr. Berg states that the "MCMI-III is much more narrowly focused on determining if a

1  patient meets the specific criteria for a diagnosis." (Id.)  Accordingly, Dr. Berg may administer
2  both the MMPI-2 and the MCMI-III tests, as well as the Rorschach and Rotter tests to which
3  Plaintiff does not object.

4  Furthermore, Plaintiff's requests to limit the clinical interview to two hours and to audio
5  record that portion of the examination are denied.  Although Plaintiff asserts that Dr. Berg "is
6  certainly capable of conducting her interview" in two hours, Plaintiff cites no evidence that this is
7  in fact sufficient time or than an interview longer than two hours would be unduly burdensome.
8  Additionally, Plaintiff points to no compelling reason why an audio recording of the interview is
9  necessary in this case.  See Ayat v. Societe Air France, 2007 WL 1120358, at *8 (N.D. Cal. Apr.
10 16, 2007) (Larson, J.) (rejecting a request for either a third party observer or an audio recording at
11 an independent medical examination and noting, in part, that "[t]he mere fact that [defendant's]
12 experts were hired by [defendant], standing alone, does not create enough concern to warrant a
13 third party observer"); Newman v. San Joaquin Delta Cmty. Coll. Dist., 272 F.R.D. 505, 514 (E.D.
14 Cal. 2011) ("In the same way third party observation of mental exams is disfavored, the presence
15 of recording devices during such exams is also disfavored.").

16 **IT IS SO ORDERED.**

17 Dated: October 26, 2015



ELIZABETH D. LAPORTE
United States Magistrate Judge

2