| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| MAURICE CALDWELL, | Case No. 12-cv-01892-EDL |
| Plaintiff, | |
| v. | **ORDER ON DEFENDANTS' MOTION TO COMPEL** |
| CITY OF SAN FRANCISCO, et al., | Re: Dkt. Nos. 161, 224 |
| Defendants. | |

Following the hearing on September 29, 2015, at which the Court provided considerable guidance, Defendants and Plaintiff's former habeas attorney Paige Kaneb were ordered to meet and confer as to the specific subject matters for which work product protection and attorney-client privilege were waived by Plaintiff's filing of Ms. Kaneb's declarations in support of his petition for compensation pursuant to California Penal Code section 4900 and his request for a finding of innocence pursuant to California Penal Code section 1485.55. On October 27, 2015, the Parties filed a joint letter indicating that they cannot reach agreement.

"Disclosing a privileged communication or raising a claim that requires disclosure of a protected communication results in waiver as to all other communications on the same subject." Hernandez v. Tanninen, 604 F.3d 1095, 1100 (9th Cir. 2010) (citing Weil v. Inv./Indicators, Research & Mgmt., 647 F.2d 18, 24 (9th Cir. 1981)). However, "[d]isclosure constitutes a waiver of the attorney-client privilege . . . only as to communications about the matter actually disclosed." Id. (internal quotation marks and citation omitted).

The Parties dispute whether Ms. Kaneb is interpreting the scope of the waiver too narrowly. Defendants point to three examples, which instead show that Ms. Kaneb is properly construing the subject matter waiver at issue. First, Defendants cite a portion of Ms. Kaneb's declaration that states: "I have also interviewed [Maritte] Funches twice in person, each time with a different lawyer present. Mr. Funches maintained that he had shot Mr. Acosta in the chest and that [Plaintiff] was neither present, nor involved in any way." Defendants contend that Ms. Kaneb improperly redacted information concerning whether Plaintiff was involved in efforts, after the

shooting took place, to intimidate Mary Cobbs, who identified Plaintiff as one of the shooters. However, Ms. Kaneb's declaration only pertains to the shooting itself, not subsequent events. Therefore, Ms. Kaneb's redactions are proper.

Second, Defendants cite a portion of the declaration that indicates that Ms. Kaneb spoke with Plaintiff's appellate attorney, who stated that he had interviewed Henry Martin and that all his of files pertaining to that interview were lost in a fire.   Although Defendants argue that Plaintiff waived privilege as to the substance of Mr. Martin's conversations with his appellate attorney, the declaration only puts at issue the fact that the interview took place and that records of it were destroyed.  Third, Defendants argue that Ms. Kaneb is improperly withholding documents over which privilege was waived by the statement in her declaration that both Maurice Tolliver and Demetrius Jones "described Henry Martin as a 'dope fiend' in 1990."  However, Ms. Kaneb properly interprets the scope of the waiver, stating that she has produced "all documents or portions of documents reflecting communications with Tolliver or Jones regarding Henry Martin's drug use and whether he was a 'dope fiend' in 1990."

Other than these examples, Defendants point to no other instance in which Ms. Kaneb's interpretation of the scope of the waiver is improper.  However, in the joint letter, Ms. Kaneb did not address Defendants' concern that her privilege log indicates that she is "redact[ing] documents that discuss facts simply because she had an impression or opinion of those facts."  Defendants point to Ms. Kaneb's notes of an interview with Mr. Martin that appear to redact Mr. Martin's recollection about the night of the murder.  Accordingly, Ms. Kaneb is ordered to file a letter of no more than one page addressing this issue by November 6, 2015.

**IT IS SO ORDERED.**

Dated: November 3, 2015

ELIZABETH D. LAPORTE
United States Magistrate Judge