DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
JAMES F. HANNAWALT, State Bar #139567
RAYMOND R. ROLLAN, State Bar #304548
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4236 [Osborn]
Telephone:    (415) 554-3913 [Hannawalt]
Telephone:    (415) 554-3888 [Rollan]
Facsimile:    (415) 554-3837
Email:        meredith.osborn@sfcityatty.org
Email:        james.hannawalt@sfcityatty.org
Email:        raymond.rollan@sfcityatty.org

Attorneys for Defendants
KITT CRENSHAW AND CITY AND COUNTY
OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE CALDWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF SAN FRANCISCO, ET AL.,<br><br>    Defendants. | Case No. 12-cv-1892 DMR<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 8 TO LIMIT THE OPINION TESTIMONY OF PLAINTIFF'S POLICE PRACTICES EXPERT RUSSELL FISCHER**<br><br>Trial Date:    April 15, 2021 |

**I.    INTRODUCTION**

The Court should to limit the opinion testimony of Russell Fischer pursuant to Federal Rules of Evidence Rules 104(a), 403, and 702. Mr. Fischer was retained by plaintiff Caldwell to express opinions related to police practices. In his Rule 26 Report, Mr. Fischer lists 13 opinions he intends to offer at trial. Mr. Fischer's second opinion should be limited to exclude opinion evidence about the credibility of Defendant Crenshaw recording Plaintiff's statements on July 13, 1990. Mr. Fischer's fifth opinion that Capt. Philpott should have known about Plaintiff's OCC complaint against

Defendant Crenshaw when Capt. Philpott received the anonymous tip on July 12, 1990 should be excluded based on a lack of relevance and lack of foundation. Mr. Fischer's opinions seven through nine should all be excluded are irrelevant and unduly prejudicial in light of the adjudicated claims and Ninth Circuit ruling in this case. (*See* Defendants' Motion in Limine No. 9).  Mr. Fischer's twelfth and thirteenth opinions should be excluded as derivative of Mr. Fairchild's excluded opinions regarding systemic racism. (*See* Defendants' Motion in Limine No. 5)

## II.     LEGAL STANDARD

Federal Rule of Evidence 702 provides the parameters for admissibility of expert opinion testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"The adjective 'scientific' implies a grounding in the methods and procedures of science. Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589–90 (1993).

## III.    MR. FISCHER'S OPINIONS.

### A.     Mr. Fischer's opinion regarding Defendant Crenshaw's credibility should be excluded from his second opinion.

Mr. Fischer's second opinion states:

> Based on my education, training and experience, the investigative action whereby SFPD Officer Kitt Crenshaw interviewed Caldwell and allegedly obtained a verbal statement from Caldwell admitting his presence at the scene of the murder and knowledge of the identities of the perpetrators, but failed to take a written statement from Caldwell and failed to notify homicide inspectors regarding that statement in a timely manner, is inconsistent with generally accepted police practices and *these factors suggest that the report of Caldwell's alleged statement is not credible*.[emphasis added.]

Expert opinions that constitute evaluations of witness credibility are inadmissible. *See Candoli*, 870 F.2d at 506. Such opinion testimony does not "aid the jury in making a decision; rather, it

undertakes to tell the jury what result to reach, and thus attempts to substitute the expert's judgment for the jury's." *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (internal citation and quotation marks omitted). Therefore, the opinion that Defendant Crenshaw's note of Plaintiff's statements made on July 13, 1990 is not credible should be excluded.

### B. Mr. Fischer's fifth opinion that Captain Philpott would have been aware of plaintiff's OCC complaint against defendant Crenshaw should be excluded as irrelevant and lacking foundation.

Mr. Fischer's fifth opinion states:

> Captain Philpott, as Captain of the Ingleside Station, would have been aware of the civilian complaint filed by Plaintiff Caldwell against Defendant Crenshaw with the Office of Civilian Complaints ("OCC"), since it involved police actions that occurred involving the Ingleside Station and OCC investigators were obtaining documents and interviews of Ingleside police officers.

Mr. Fischer conceded at deposition that Captain Philpott's knowledge – or ignorance – has no relevance to the alleged violation of plaintiff Caldwell's constitutional rights on July 13, 1990. [Hannawalt Decl., Exh. 34, Fischer depo. pgs. 79:18-81:14.]  Therefore, Mr. Fischer's fifth opinion should be excluded under Federal Rules of Evidence 104 and 401. The opinion was based on Mr. Fischer's erroneous belief that Defendant Crenshaw was in Captain Philpott's chain of command in 1990. Therefore, the opinion also lacks foundation. Further, because the opinion is irrelevant to the issues in the case, it should be excluded confusing under Federal Rule of Evidence 403 as a waste of time and potentially confusing the issues for the jury.

### C. Mr. Fischer's opinions that Homicide Inspectors Gerrans and Crowley did not fully investigate the Acosta murder should be excluded.

Mr. Fischer's seventh opinion states:

> In my professional opinion, the homicide inspectors did not fully investigate the Acosta murder, did not follow proper police practices in obtaining an identification of Caldwell as the shotgun shooter, and once they had an eyewitness that identified Caldwell as a suspect, they failed to fully investigate the murder and ignored evidence exculpating Caldwell.

Mr. Fischer's eighth opinion states:

> In my professional opinion, the inspectors' failure to fully and completely investigate other persons and pursue other investigative leads that came to the attention of SFPD investigators regarding individuals who may have been complicit in the murder of Judy Acosta is inconsistent with generally accepted police practices and procedures.

Mr. Fischer's ninth opinion states:

> In my professional opinion, the inspectors should not have brought the Acosta case to the District Attorney to prosecute in a case relying on a single eyewitness with little other corroborating evidence, without corroborating the witness statement through basic and rudimentary means. They should have determined the ability of Cobbs to observe that which she purported to have seen and question her as to exactly where she saw the shooters, when they fired shots, where those shots hit the car or victims, and compared those statements to the physical evidence, to make certain that the eyewitness could observe what she testified she could see. This type of confirmation as to a potential eyewitness testimony is crucial to ensure that the eyewitness' testimony is accurate and truthful.

These opinions should be excluded as irrelevant and confusing to the juror's understanding of the legal issues in the case because independent prosecutorial judgment is not rebutted by an inadequate investigation.

ADA Giannini's decision to file criminal charges against Plaintiff Caldwell breaks the causal chain of any damages arising from alleged inadequacies in Inspectors Gerrans or Crowley's investigation. A prosecutor's independent judgment breaks the chain of causation and immunizes police officers from 1983 liability for an unfair trial. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1136-37 (9th Cir. 2009). The defendant officers need only show that the prosecutor filed charges. "[I]t is presumed that the prosecutor filing the complaint exercised independent judgment … ." *Smiddy v. Varney*, 665 F.2d 261 (9th Cir. 1981); *see also Newman v. County of Orange*, 457 F.3d 991, 994 (9th Cir. 2006) ("We have long recognized that 'filing a criminal complaint immunizes investigation officers … from damages suffered thereafter because it is presumed that the prosecutor …. exercised independent judgment…"). Deliberately fabricated evidence in a prosecutor's file can rebut any presumption of prosecutorial independence. *Caldwell v. City & Cty. of San Francisco*, 889 F.3d 1105, 1116 (9th Cir. 2018).

It is well-established that a merely negligent investigation is not enough to rebut the presumption of prosecutorial independence because "[p]art of a prosecutor's independent function is to weed out inaccuracies in police reports based on negligent investigations." *Sargent v. Washington*, No. 3:18-CV-05119, 2019 WL 142032, at *3 (W.D. Wash. Jan. 9, 2019), reconsideration denied, No. 3:18-CV-05119-RBL, 2019 WL 461186 (W.D. Wash. Feb. 6, 2019) (citing *Simmons, III v. Cty. of Los Angeles*, No. CV 04-9731 SVW JC, 2009 WL 6769335, at *6, n.14 (C.D. Cal. Sept. 1, 2009)) (report and recommendation adopted and affirmed) (citing *Smiddy v. Varney (Smiddy II),* 803 F.2d 1469,

1472 (9th Cir.1986), as amended, 811 F.2d 504 (9th Cir.1987) (holding "[B]oth negligent investigations and nonnegligent investigations can result in reports presented to the prosecutor. The prosecutor has a duty to measure the facts in the report by legal standards and decide whether they add up to probable cause to prosecute. The possibility of less than perfect investigative conduct on the part of the police is no doubt one reason the law requires an exercise of the prosecutor's informed discretion before the initiation of prosecution"); *Smith v. Short*, No. CIV. 07-515-KI, 2008 WL 5043917, at *3 (D. Or. Nov. 21, 2008) (noting "Plaintiffs point to a litany of items that Short and DeHaven failed to investigate, but do not identify any omissions in the officers' reports on which the district attorney relied in submitting the matter to the Grand Jury in February 2005 and in subsequently arresting plaintiffs").

In *Simmons*, the plaintiff sued the Los Angeles County Sheriff's Department, alleging that the defendants maliciously falsified a police report and presented the report to the District Attorney, who filed charges in connection to a murder. 2009 WL 6769335, at *3. The two investigators assigned to the case prepared various investigative reports following witness interviews, including a supplementary report that summarized the murder investigation. *Id.* They presented this information to the district attorney, along with notebooks, physical evidence, notes, and recordings of interviews, and other information available to them about the case. *Id.* The plaintiff alleged that the supplementary report was deficient because it was based on an inadequate criminal investigation. *Id.* at 2009 WL 6769335, at *6, n.14. The court noted that it "need not address this assertion as the adequacy or inadequacy of the investigation does not constitute a false statement or material omission and could not rebut the presumption of prosecutorial independence." *Id.*

Similarly, here any attempts by Plaintiff to attack the adequacy of Inspectors Gerrans and Crowley's homicide investigation should be excluded because they do not rebut ADA Giannini's independent prosecutorial judgment in deciding to file criminal charges.

Evidence Relating to Inspectors Gerrans and Crowley's Inadequate Investigation is also inadmissible under Federal Rules of Evidence 401 and 402. "Relevant evidence" means evidence that has any tendency to make any fact of consequence more or less probable that it would have been without the evidence. Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402.

Following the Ninth Circuit's remand, the remaining claims in this case are: (1) whether Defendant Crenshaw fabricated evidence, and if so, whether the fabricated evidence caused Plaintiff's charging with the Acosta murder, given the other intervening events (including Plaintiff's threats and ADA Giannini's exercise of prosecutorial judgment), and (2) whether the City should be held liable for failing to discipline officers, thereby allowing Defendant Crenshaw to violate the constitutional rights of suspects with impunity. None of Plaintiff's remaining claims implicate Inspector Gerrans or Crowley's actions, including the adequacy of their homicide investigation.

The Ninth Circuit thoroughly analyzed Plaintiff's claim of fabrication of evidence alleged against Inspectors Gerrans and Crowley, and upheld the district court's dismissal of those claims. The presumption of independent prosecutorial judgment applies, effectively breaking the causal chain of any damages arising from the inspectors' negligent or inadequate investigation. Thus, any evidence or argument regarding the adequacy of the homicide investigation is clearly irrelevant and therefore inadmissible.

The only possible rationale for Plaintiff to admit this evidence is to create prejudice within the jury which is precluded by Federal Rule of Evidence 403. Federal Rule of Evidence 403 prohibits the introduction of evidence if its probative value is substantially outweighed by the prejudicial effect, confusion and possibility that such evidence may confuse the jury. Because evidence relating to the previously dismissed cause of action has no probative value whatsoever, the only rationale for presenting the evidence would be to prejudice or confuse the jury.

The prejudicial impact of allowing Plaintiff to introduce argument or evidence regarding the adequacy of Inspectors Gerrans and Crowley's investigation far outweighs any probative value to Plaintiff. First, any such evidence will only shift the jury's attention away from the remaining claims in this case. Second, that information will confuse the jury because Inspectors Gerrans and Crowley are no longer parties to the matter. Third, the presumption of independent prosecutorial judgment breaks the causal chain arising from any alleged inadequacies. Finally, it will be a waste of judicial resources and time to allow Plaintiff to present argument on an issue that has been adjudicated, especially when doing so will only result in prejudice to Defendants.

**D.     Mr. Fischer's twelfth and thirteenth opinions should be excluded because they are derivative of Mr. Fairchild's inadmissible opinions about systemic racism at the SFPD.**

Mr. Fischer's twelfth opinion states:

> In my professional opinion, in 1990, based upon reliable and detailed information reviewed, there was a practice and procedure in the SFPD to systemically engage in racial profiling, racial discrimination, and excessive force against people of color, and that this practice and procedure resulted from poor oversight, inadequate discipline, and other practices of the SFPD.

Mr. Fischer's thirteenth opinion states:

> In my professional opinion, in 1989 and 1990, according to reliable and detailed information reviewed, there was a practice and procedure in the SFPD during criminal investigations of murder cases where young black men and other persons of color in the San Francisco housing projects were suspects, that, once a potential perpetrator was identified, investigating officers would not follow proper police practices, would ignore other leads, would not fully investigate the alleged crime, and would not utilize procedures to protect the rights of potentially innocent young men suspected of criminal conduct, and instead would cut corners to expeditiously charge the potential perpetrator and try to obtain a prosecution.  It is my further opinion that this practice of conducting such criminal investigations with the goal of charging suspects as soon as possible without conducting full investigations that might reveal exculpatory evidence would be known to SFPD officers at the time, and that SFPD officers would know that if investigating detectives were provided with evidence that tended to make them believe an individual was guilty of the crime being investigated, there was a strong likelihood that this would lead to a flawed investigation."

**1.     Systemic racism was not alleged or disclosed in fact discovery as a part of this case.**

Plaintiff's claims related to systemic racism were raised for the first time 2020 in opposition to defendant City and County of San Francisco's motion for summary judgment on Plaintiff's *Monell* claim [ECF 423], years after the close of discovery. System racism was not alleged in the Second Amended Complaint. Federal Rules of Civil Procedure Rule 8(a)(2) requires that the allegations in the complaint give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Plaintiff Caldwell ignores this rule in seeking to inject the topical and emotionally charged issue of racism into the case at trial. Further, Plaintiff's discovery responses served before the close of fact discovery in 2015 did not identify racism, systemic or otherwise, as a fact in support that Defendant Crenshaw or anyone employed by Defendant City and County of San Francisco fabricated

evidence against Plaintiff. [Hannawalt Decl., Exh. 35, Plaintiff's response to special interrogatory 11.] Therefore, Mr. Fischer's opinions 12 and 13 should be excluded as irrelevant pursuant to Rule 401.

### 2. Mr. Fischer's opinion 12 is simply a recitation of Prof. Fairchild's improper expert opinions.

Mr. Fischer parrots the declaration from Professor Fairchild as the basis for his opinions about the role of racism in the Acosta Murder investigation, citing only the Fairchild declaration as the source of his opinions. [Hannawalt Decl., Exh. 33, ¶¶145-163.] Therefore, for the same reasons that Fairchild's opinions should be excluded, so too should Fischer's opinion 12 be excluded.

#### a. Professor Fairchild's Opinions Are Neither Relevant Nor The Product of Expert Methodology.

For the same reasons that Defendant City and County of San Francisco advanced in its motion for summary judgment on Plaintiff's *Monell* claim, Professor Fairchild's opinions should be excluded in Plaintiff's case against Defendant Crenshaw. As now more thoroughly explored in Professor Fairchild's deposition, it is clear that Prof. Fairchild conducted no independent investigation or analysis of SFPD materials or court records from the 1980s and 1990. Instead, Prof. Fairchild recites as fact hearsay news reports and opinions contained in literature discussing generalities and other police agencies. Based on the materials selected, much of which relates to dates and locations other than San Francisco in the late 1980s and 1990, Prof. Fairchild leaps from journalistic reports of racism to the conclusion that White Supremacist sentiments course through the SFPD and influenced the investigation of Plaintiff Caldwell. Regardless of Prof. Fairchild's academic qualifications as a psychologist and/or sociologist, the opinions expressed in his declaration fall far short of the standard for expert testimony in federal court.

### 3. Fischer's Opinion 13 should be excluded because it relies on the improper opinion of Prof. Fairchild and does is not the product of Expert Methodology,

Mr. Fischer opines about the practices of murder investigations in San Francisco housing projects based on three murder cases in 1989-1990 (the Tennison and Goff cases that involved one murder investigation, the Conley case and the present case) without having reviewed the underlying files or court records. He concludes because four convictions were overturned, the SFPD inspectors

investigating murders in the projects during this time would attempt to pin the murder on young black men as soon as possible without performing a proper investigation. The leap from individual instances wrongful conviction involving different officers and allegations, to the conclusion that SFPD systemically deprived young black men of their constitutional rights is too great and too prejudicial to defendant Crenshaw to be presented to the jury in this case. Fischer's opinion 13 should be excluded pursuant to Rules 104, 403, and 702.

### E. Mr. Fischer should be precluded from testifying about OCC the three files bates-stamped CCSF_CALDWELL_6247-6378.

Defendants produced six complete OCC files related to complaints against defendant Crenshaw: three were produced before the close of fact discovery in 2015 and three more were produced in 2020 before Mr. Fischer was deposed. Plaintiff's counsel did not provide Mr. Fischer the three files bate stamped CCSF_CALDWELL_6247-6378 before his deposition. [Hannawalt Dec., Ex. 35. 187:12-188:7.] Therefore, defense counsel was unable to examine Mr. Fischer regarding the investigations documented in these OCC files. Consequently, Mr. Fischer should be precluded from testifying about those files at trial.

Dated: January 25, 2021

          DENNIS J. HERRERA
          City Attorney
          MEREDITH B. OSBORN
          Chief Trial Attorney
          JAMES F. HANNAWALT
          RAYMOND R. ROLLAN
          Deputy City Attorneys

         By:/s/ *James F. Hannawalt*
          JAMES F. HANNAWALT

         Attorneys for Defendants
         CITY AND COUNTY OF SAN FRANCISCO AND KITT CRENSHAW