Terry Gross, terry@grossbelsky.com (SBN 103878)
Adam C. Belsky, adam@grossbelsky.com (SBN 147800)
GROSS & BELSKY P.C.
201 Spear Street, Suite 1100
San Francisco, CA 94105
Tel: (415) 544-0200
Fax: (415) 544-0201

James Quadra, jquadra@quadracoll.com (SBN 131084)
Rebecca Coll, rcoll@quadracoll.com (SBN 184468)
QUADRA & COLL
649 Mission Street, 5th Floor
San Francisco, CA 94105
Tel: (415) 426-3502
Fax: (415) 625-9936

Attorneys for Plaintiff MAURICE CALDWELL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| MAURICE CALDWELL,<br><br>              Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; and KITT CRENSHAW,<br><br>              Defendants. | Case No.: 4:12-cv-1892 DMR<br><br>**DECLARATION OF TERRY GROSS IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND THEIR ATTORNEY DENNIS HERRERA**<br><br>Date:    April 22, 2021<br>Time:   1:00 p.m.<br>Dept.:   4<br><br>Judge:  Hon. Donna M. Ryu<br>Trial Date: April 15, 2021 |

**DECLARATION OF TERRY GROSS**

1. I am an attorney licensed to practice in California and a partner of Gross & Belsky P.C., counsel for Plaintiff Maurice Caldwell in this action. I have personal knowledge of the facts set forth herein, and if called upon to testify as a witness thereto, could and would do so competently.

2. Attached as Exhibit A is a copy of CCSF_CALDWELL 001291-292 (October 17, 1990 police report notes reflecting information from Craig Martin).

3. Attached as Exhibit B is a copy of relevant excerpts from the September 29, 2015 deposition of Marritte Funches.

4. Attached as Exhibit C is a copy of the Demetrius Jones Declaration dated April 22, 2010.

5. Attached as Exhibit D is a copy of the Maurice Tolliver Declaration dated October 1, 2009.

6. Attached as Exhibit E is a copy Defendants' Initial Disclosures dated August 22, 2013.

7. During the discovery period in this case, I retained investigators to locate Henry Martin, who had been released from prison. My investigators were unable to locate Mr. Martin.

8. Attached as Exhibit F is (a) a copy of the sex offender registry stating that Henry Martin's registration is not in compliance which was printed out at my direction in November 2015, together with (b) a copy of the Henry Martin's online sex offender registry record which was printed out at my direction on March 9, 2021.

9. In August 2015, I orally asked defense counsel whether the City had been able to locate Henry Martin, and to provide Mr. Martin's address; in response, defense counsel stated that the City had been unable to locate Henry Martin.

10. Attached hereto as Exhibit G is copy of the October 14, 2015 Declaration of Henry Martin (Dkt. 268.)

11. In November 2015, after receiving Defendants' summary judgment motion, I again orally requested the address for Henry Martin from defense counsel, but defense counsel did not provide any address.

12. When this case returned to the District Court in April 2020, Plaintiff again requested that defendants provide information within the City's possession concerning Henry Martin's address. Defense counsel refused to provide the information.

13. On December 30, 2020, the City sent an email to me with information as to Henry Martin's address. However, on January 8, 2021, before Plaintiff's investigator was able to contact Mr. Martin, Defendants served a subpoena on Mr. Martin. The subpoena was personally served by Defendants' lead counsel, Meredith Osborn, and not a process server. Mr. Martin lives in an SRO that prevents individuals other than guests from entering the building and going to apartments of residents. The investigator for my office was stopped by SRO staff from entering each time he attempted to access Mr. Martin's apartment. Ms. Osborn accessed the building and personally served Mr. Martin with a subpoena, according to Mr. Martin's testimony and the proof of service on the subpoena attached to the deposition notice. Attached hereto as Exhibit H is copy of the Amended Notice of Taking Deposition of Witness Henry Martin.

14. I wrote to Defendants' counsel and stated that it was Plaintiff that had requested to take Mr. Martin's deposition, not the City, and therefore that Plaintiff would be taking Mr. Martin's deposition on the date noticed, and the City could examine Mr. Martin after that. Defendants refused to agree to this procedure, and insisted that Defendants would examine Mr. Martin first. On the day of the deposition, Defense counsel would not allow Caldwell's counsel to commence the deposition of Mr. Martin, and instead questioned Mr. Martin first.

15. The City, in its email to me complying with this Court's order to provide Mr. Martin's address, provided both the address from the Sex Offender Registry (stating this address was not in compliance), and a different address explicitly obtained from the SFPD – and then the City's counsel personally served the subpoena on Mr. Martin at the address provided by the SFPD.

16. On information and belief, at no time during this period did the City or the SFPD take any action against Mr. Martin for not being in compliance – obviously utilizing Mr. Martin's non-compliant status as an implicit threat against him.

//

17. At Mr. Martin's deposition, the City did not inform Mr. Martin of his Fifth Amendment rights, and instead simply questioned him about the events the night of the Acosta murder, knowing Marritte Funches had implicated him in the Acosta murder. Attached hereto as Exhibit I is a copy of relevant pages from the February 11, 2021 deposition of Henry Martin.

18. I, during cross-examination, asked Mr. Martin about his knowledge of his Fifth Amendment rights, at pages 49:25-50:5. Mr. Martin then began asserting his rights, as shown, for example, at pages 51:10-53:5, 62:2-64:22.

19. After Mr. Martin repeatedly asserted his right against self-incrimination, Counsel for Defendants, Meredith Osborn, requested to go off the record to discuss Mr. Martin's Fifth Amendment rights to him.

20. After the parties went off the record, Ms. Osborn confronted Mr. Martin and stated that she thought he was confused by the discussion on the record about his Fifth Amendment rights and that the deposition could stop while he got him a lawyer. However, Mr. Osborne warned him that Defendants could go to court to compel him to return and answer questions if the deposition was not completed. Ms. Osborne added that if Mr. Martin wanted to finish the deposition and avoid being brought back, he should answer the questions posed to him. This had the result of causing Mr. Martin to answer questions without asserting his privilege against self-incrimination.

21. Ms. Osborn told me during a phone conversation in or about February 2021, after the day of Mr. Martin's deposition, that Defendants' investigator remains in touch with Mr. Martin and is checking in with him regularly.

22. During the deposition of third-party witness Adrena Gray, the City Attorney's office had access to Ms. Gray's arrest records. Deputy City Attorney Raymond Rollan referenced Ms. Gray's arrest records repeatedly and asked her questions about her prior arrests. Her attorney instructed her not to answer, saying her arrests were irrelevant since she had not been convicted and had the presumption of innocence. The transcript of Ms. Gray's deposition is not yet available from the court reporter.

//

23. On the evening of February 10, 2021, the night before the deposition of Henry Martin, defense counsel belatedly produced a previously undisclosed video of an interview of Henry Martin taken on October 14, 2015 at a San Francisco police station. The recorded interview was produced as a video and as a separate identical audio recording at the same time. Enclosed herewith as Exhibit J is a true and correct copy of the video recording of the interview of Henry Martin from October 2015.

24. The recording depicts San Francisco Police Inspector James Spillane from Homicide Cold Cases, and Sergeant Allen Levy, from Homicide, interviewing Henry Martin in a police interrogation room.

25. Attached hereto as Exhibit K is a true and correct copy of a transcript of the October 2015 interview of Henry Martin by Inspector James Spillane and Sergeant Allen Levy.

26. Attached hereto as Exhibit L is a true and correct copy Defendants' Responses to Plaintiff's Request for Production of Documents.

27. I am a trial lawyer with over 35 years of experience. I am licensed to practice law in the State of California, the State of New York, and the State of Oregon.

28. My current hourly rate is $1,050. I spent 3.7 hours preparing this motion.

29. Attached hereto as Exhibit M is a copy of the Gross & Belsky P.C. firm resume detailing my litigation experience in detail.

Executed on March 9, 2021 at San Francisco, California.

                                                              */s/ Terry Gross*
                                                              TERRY GROSS