UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICE CALDWELL,

          Plaintiff,

     v.

CITY OF SAN FRANCISCO, et al.,

          Defendants.

Case No.  12-cv-01892-DMR

**PRETRIAL ORDER NO. 1**

Following the first pretrial conference held on March 4, 2021, the court sets forth its pretrial rulings below to supplement its rulings from the bench.

## I.    CONDUCT OF TRIAL

**Trial Schedule:** Assuming the court has reopened for civil jury trials and no other jury trial is entitled to preferential setting, jury selection in this case will begin on either April 29, 2021 or May 3, 2021 (to be determined by the court) at 8:30 a.m.  The trial will begin no sooner than May 3, 2021.  Counsel must arrive by 8:00 a.m. each day and shall be prepared to stay as needed after the jury leaves for the day.  The trial schedule with the jury will be Monday through Friday, from 8:30 a.m. to 1:30 p.m. with two fifteen-minute breaks.  Trial time is limited to 75 hours (45 for Plaintiff; 30 for Defendants).  The trial time clock will begin as soon as the jury is seated for the day and will only be stopped for the two breaks until the jury departs for the day.  In addition to the 75-hour limit, each side has 30 minutes for an opening statement, some amount of time (TBD) for voir dire, and 70 minutes for closing arguments; Plaintiff may reserve time for closing argument rebuttal.

**Further Pretrial Conferences:** The next pretrial conference will take place on March 18, 2021 at 1:00 p.m.  A third pretrial conference will take place on April 15, 2021 at 1:00 p.m.  As noted in the March 4 pretrial conference, the court plans to distribute the completed jury

questionnaires to counsel in advance of jury selection.  The parties will meet and confer to determine whether they jointly propose that any individuals be excused for cause or hardship.  The court will likely hold a short hearing prior to the date of jury selection to rule on each of the parties' jointly proposed excusals.

**No Sidebars:** Sidebars are not permitted.  Counsel must make best efforts to anticipate issues and raise them before the jury arrives, during one of the breaks, or after the jury departs for the day.

**Objections:** Please stand to make an objection.  Do not make speaking objections or offer argument.  State the rule or basis for the objection (e.g., "403," or "hearsay").  Do not offer a rebuttal unless requested.  If requested, rebuttal must be brief (e.g., "not offered for the truth.").

**Witnesses:** No witness may testify unless they have been identified in the pretrial submissions, except for true rebuttal or impeachment witnesses upon a showing of good cause. The party presenting evidence must give the other party 24-hour written notice of the witnesses to be called.  If the side presenting evidence does not have a witness ready to be called once the prior witness steps down, that side may be deemed to have rested its case.  Counsel are expected to work together to accommodate witness schedules and to avoid cumulative testimony.  If a witness will be called out of order, counsel are expected to bring it to the court's attention in advance.  No witness may be in the courtroom while not testifying except for Caldwell, Crenshaw, and the designated party representative for CCSF.  Please seek leave to approach a witness the first time it occurs.

**Exhibits:** No exhibit may be used unless it has been identified in the pretrial submissions except for true rebuttal or impeachment exhibits upon a showing of good cause.  Once the exhibits are finalized in the pretrial process, the parties shall work together to prepare one set of exhibit binders to be used by all witnesses, and a separate set of exhibit binders for the court.

**Demonstratives for Opening Statements:** Demonstratives for use in opening statements must be exchanged by April 27, 2021.  The parties must meet and confer about any disputes and be prepared to argue the dispute outside the presence of the jury before the start of trial.

**Deposition Transcripts:** Any party intending to use a deposition transcript at trial for any

1  purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the

2  original is not available) for use by the court and shall have extra copies available for use by the

3  party and the witness.  All other parties are expected to have their own copies available.  The

4  parties shall each prepare and provide an index of the lodged transcripts and shall review the same

5  with the courtroom deputy upon lodging the transcripts.  Before each trial day, counsel shall

6  confer with the courtroom deputy and identify which of the transcripts may be used that day.

7  **Video Depositions**: A video deposition may only be shown after the designations, counter-

8  designation and objections are resolved.  A transcript shall be provided of the portions played to

9  the jury.  The court reporter shall be relieved of the duty to transcribe that portion of the trial.  In

10  lieu of the court reporter's transcription, the parties shall provide the court reporter with that

11  portion of the transcript used during the trial on the day it was used so that it can be attached to the

12  transcript for that day.

13  **Punitive Damages:** Trial will be bifurcated on liability for and amount of punitive

14  damages.  The parties shall prepare a joint written sworn summary of Crenshaw's financial

15  condition, place it in a marked sealed envelope, and deliver it to the court by April 29, 2021.  If the

16  jury returns a punitive damage liability verdict against Crenshaw, the jury will be given the

17  information in the envelope before beginning deliberations on the amount of the punitive damage

18  award.

19  **Settlement:** The parties must promptly notify the court of a settlement by sending an email

20  to DMRsettlement@cand.uscourts.gov.  The email shall set forth all remaining steps to finalize the

21  settlement.  The settlement email must be received no later than 4:00 p.m. on jury selection day to

22  avoid the assessment of jury costs.  Civ. L.R. 40-1.

23  **Compliance with Orders of the Court, including Orders on Motions in Limine:**

24  Failure to comply with the obligations set forth in any court order, either written or oral, will result

25  in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines

26  and/or terminating sanctions.  Counsel are personally responsible for making sure that the court's

27  orders, including rulings on motions in limine, are clearly communicated to clients and witnesses

28  so that the presentation of evidence complies with those rulings in every respect.  This includes

United States District Court
Northern District of California

3

anticipated expert testimony that should not be offered because it is founded on evidence that has been excluded.  Failure to comply with a ruling may result in sanctions, including but not limited to the striking of the witness's entire testimony.

## II.     MOTIONS IN LIMINE[1]

### A.     Defendants' MIL 1, Bifurcation of Trial

Defendants' motion to bifurcate trial on liability and damages (Docket No. 529) is denied. However, the court will bifurcate the issues of liability for and amount of punitive damages.

### B.     Plaintiff's MIL 11, Exclude Testimony of Alleged Guilt and Give Instruction on Presumption of Innocence

Plaintiff's motion (Docket No. 566) is denied in part and granted in part.  No lawyer or witness may refer to Caldwell as having been found guilty or found not guilty or found innocent, as none of those statements are accurate.  The court denies the request to give an instruction on the presumption of innocence.  Such an instruction applies to criminal trials and would potentially confuse the jury because they do not have to decide Caldwell's guilt or innocence in order to render a verdict.  If something arises during trial that warrants such an instruction, the court will entertain a renewed request.  The court intends to pre-instruct the jury that they will not have to decide whether Caldwell is guilty or not guilty of the Acosta murder in order to make a decision in this case.  The court also intends to provide an early neutral description of the criminal proceedings, including the Acosta trial, the writ of habeas corpus and the dismissal of the second case.  The parties have been instructed to meet and confer and provide a proposed pre-instruction and description by March 11, 2021.

### C.     Plaintiff's MIL 12, Preclude Evidence or Argument re Caldwell Not Testifying in the Acosta Trial

Plaintiff's motion (Docket No. 511) is granted.  Caldwell had a constitutionally protected right to choose not to testify in his criminal trial.  No party may raise any argument or elicit any testimony that attempts to look behind or speculate about Caldwell's exercise of that right.

---

[1] The court addresses the motions in limine in the order in they were discussed at the March 4, 2021 pretrial conference.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### D.   Plaintiff's MIL 13, Exclude Testimony Regarding Jury Verdict or Court Rulings in Plaintiff's Criminal Prosecution

Plaintiff's motion (Docket No. 571) is granted as to the specific example raised regarding Cummins' anticipated expert rebuttal testimony (which is also excluded because it opines on the issue of Cobbs' credibility, which is reserved for the jury). Plaintiff's motion is otherwise denied as overbroad. However, the finding of ineffective assistance of counsel in investigating Caldwell's case could mean that aspects of the Acosta trial proceedings, rulings, testimony, or verdict are tainted. For that reason, any reference to Acosta materials must be raised with the court and the opposing side at least one full court day in advance so that the court can hear argument outside the presence of the jury and fashion limiting instructions as appropriate.

### E.   Plaintiff's MIL 24, Preclude Assertion that Crenshaw's Fabricated Report Was Not Used in the Acosta Trial

Plaintiff's motion (Docket No. 521) is denied. In order to prevail, Plaintiff must establish that Crenshaw fabricated evidence that caused a denial of Caldwell's liberty. Caldwell argues that Crenshaw's fabricated evidence caused his wrongful charging, prosecution and conviction. Evidence of the use or non-use of the allegedly fabricated report at various points in time is relevant to the issue of causation.

### F.   Plaintiff's MIL 16, Allow Testimony of Funches Via Live Video

Plaintiff's motion (Docket No. 517) is granted in part. The parties agree that if Funches testifies, it should happen via live video transmission. Funches' testimony is relevant to the physical evidence at the scene of the Acosta murder and may come in for that purpose, subject to a limiting instruction. The court has insufficient information to determine whether Funches should be allowed to testify that he shot Acosta with a handgun or that someone other than Caldwell was the shotgun shooter. The court withholds its ruling pending a sufficient evidentiary foundation for Caldwell's theory that Crenshaw's actions resulted in an ineffectual and flawed investigation that otherwise should have led to the discovery of exculpatory evidence regarding Funches. If Funches is allowed to testify on this subject, it will be subject to a limiting instruction.

### G.   Defendants' MIL 4, Exclude Testimony Regarding Plaintiff's Innocence That Was Unknown to Investigators/Prosecutor at Time of Prosecution

Defendants' motion (Docket No. 533) is denied without prejudice. Defendants' motion is

United States District Court
Northern District of California

1  overly broad.  Moreover, as explained above with respect to Plaintiff's MIL 16, Plaintiff may be

2  able to support the relevance of particular information unknown to the investigators/prosecutor at

3  the time if he can lay a sufficient foundation to support his theory that the particular information

4  would have come to light at the time but did not because Crenshaw's actions resulted in an

5  ineffectual and flawed investigation.  If such evidence is permitted, it will be subject to a limiting

6  instruction.

7      **H.      Defendants' MIL 3, Admit Preliminary Hearing and Trial Testimony of
            Unavailable Witness Cobbs**

8

9          Defendants' motion (Docket No. 532) is denied as overbroad.  For the reasons stated with

10  respect to Plaintiff's MIL 13, a party seeking to offer specific portions of Cobbs' testimony must

    provide at least one court day notice to the court and the opposing party.
11

12      **I.      Defendants' MIL 26, Preclude Undisclosed Expert Testimony of Kaneb, Klee
            and Tuttle; Defendants' MIL 23, Exclude Testimony of Tuttle**

13          Defendants' MIL 26 (Docket No. 557) is granted as moot with respect to Klee, as Plaintiff

14  will not offer her testimony.  The motion is granted as to Kaneb, whose proffered testimony is at

15  best minimally relevant but would be needlessly cumulative and result in undue delay, prejudice

16  and confusion.  The motion is granted as to Tuttle as a treating physician expert because he was

17  not properly disclosed pursuant to Rule 26(a)(2)(C).  However, Defendants' MIL 23 is denied.

18  Tuttle was properly disclosed as a percipient witness because Defendants were on notice about

19  him by at least 2015 through Plaintiff's discovery responses, and even took steps to take his

20  deposition but did not follow up.  Tuttle may testify as a lay witness, but not as an expert treating

21  physician.

22      **J.      Plaintiff's MIL 10 and Defendants' MIL 2, Prosecutorial Independent
            Judgment**

23          Plaintiff's motion to preclude the defense of prosecutorial independent judgment (Docket

24

25  No. 510) and Defendants' motion to preclude evidence of damages Plaintiff sustained after

26  charging (Docket No. 530) are denied on the ground that they are improper motions for summary

27  judgment that were filed without leave of court.[2]  They are also denied on the ground that the

28  _____
    [2] The court also notes that Defendants did not submit any evidence in support of their motion.

United States District Court
Northern District of California

1  Ninth Circuit has already ruled that if the presumption of prosecutorial independent judgment

2  applies in this case, it has been rebutted and that Plaintiff has "raise[d] a triable issue on

3  causation." *Caldwell v. City & Cnty. of San Francisco*, 889 F.3d 1105, 1115-17 (9th Cir. 2018).

4  Therefore, it held, "[a] jury will need to consider [the] causation questions." *Id.* at 1117 n.8.

5  There is nothing in the Ninth Circuit's opinion suggesting that anything other than the regular

6  rules of causation apply.  That is, in addition to proving that Crenshaw fabricated evidence (the

7  first element of his claim), Plaintiff must establish that Crenshaw's fabrications were "the cause in

8  fact and proximate cause of his injury" (the second element). *Id.* at 1115.  Defendants can defeat

9  causation by "prov[ing] that an independent intervening cause cuts off [Crenshaw's] tort liability."

10  *See Beck v. City of Upland*, 527 F.3d 853, 863 (9th Cir. 2008) (quoting *Smiddy v. Varney*, 665

11  F.2d 261, 267 (9th Cir. 1981)); *Caldwell*, 889 F.3d at 1115 (citing *Beck*, 527 F.3d at 862 ("[p]ut in

12  traditional tort terms, the prosecutor's independent decision can be a superseding or intervening

13  cause of a constitutional tort plaintiff's injury, precluding suit against the officials who made an

14  arrest or procured a prosecution.")).

15       No party or witness shall use the term "prosecutorial independent judgment" or any

16  variation thereof because the term is a legal conclusion.

17       **K.       Plaintiff's MIL 26, Giannini's Testimony as a Percipient Witness**

18       Plaintiff's motion to preclude Alfred Giannini from offering testimony about six categories

19  of information in his capacity as a percipient witness (Docket No. 568) is granted in part and

20  denied in part as follows.

21       Credibility of other witnesses: granted.  Giannini may testify about the information he

22  received and reviewed in deciding to charge Plaintiff and proceed with the prosecution; the

23  substance of his interactions with the investigating officers and others; and his own actions and

24  observations during the Acosta murder investigation and prosecution of Plaintiff.  No witness,

25  including Giannini, may testify or offer opinions about the credibility or reliability of other

26  witnesses or evidence, as these are ultimate issues for the jury to decide.  *See United States v.*

27  *Candoli*, 870 F.2d 496, 506 (9th Cir. 1989) ("[t]he jury must decide a witness' credibility.").

28       Individuals in the audience at Plaintiff's preliminary hearing: granted as moot based on

1   Defendants' representations that they are not planning to elicit such testimony. If Plaintiff opens

2   the door at trial, Giannini may testify only as to matters within his own personal knowledge.

3          Cobbs' religious practices: granted, as Defendants seek to offer this testimony for the

4   improper purpose of bolstering Cobbs' credibility. *See* Fed. R. Evid. 610 ("[e]vidence of a

5   witness's religious beliefs or opinions is not admissible to attack or support the witness's

6   credibility.").

7          Interpretation of Cobbs' 1991 trial testimony about the location of the shotgun shooter:

8   granted. Defendants represented that they seek to offer this testimony in order to respond to

9   Plaintiff's expert Harlan Grossman's opinions about Giannini's questioning of Cobbs at trial. As

10  discussed below, the court grants Defendants' motion to exclude Grossman's testimony.

11  Therefore, this category of testimony is not relevant. Fed. R. Evid. 401.

12         Testimony that Giannini visited the Alemany Projects and looked through Cobbs' window

13  at night: denied. Giannini may testify about the actions he took in connection with the Acosta

14  murder investigation. Plaintiff may cross-examine him about purported inconsistencies in his

15  testimony.

16         Testimony about Debra Rodriguez's potential prosecution for perjury: granted as moot

17  based on Defendants' representations that they are not planning to elicit such testimony unless

18  Plaintiff opens the door at trial.

19         By no later than March 11, 2021, after meeting and conferring, the parties shall submit a

20  marked-up version of the November 2015 Giannini Declaration that conforms with and reflects

21  the court's rulings on this MIL. If disputes remain after meeting and conferring, the parties shall

22  highlight in yellow any disputed portions of the declaration for the court's review.

23         **L.     Defendants' MIL 15, Plaintiff's Expert Brass**

24         Defendants' motion to exclude expert testimony by Anthony J. Brass (Docket No. 546) is

25  granted in part. Defendants' motion did not clearly identify which of Brass' 14 opinions they

26  were challenging and the bases for their challenges to the individual opinions. Therefore, the

27  court made the following general rulings regarding Brass' testimony: Brass may testify as to the

28  standard of care of a reasonable prosecutor and may offer opinions about the actions a reasonable

prosecutor would take when deciding whether to prosecute a criminal defendant, including actions or methods to evaluate different types of evidence, such as performing a ballistics analysis. However, Brass may not opine about Giannini's actions in connection with Plaintiff's prosecution or whether he acted in accordance with the standard of care, because these opinions go to the ultimate issues regarding causation. *See United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("an expert cannot testify to a matter of law amounting to a legal conclusion."). Additionally, Brass may not testify or offer opinions about the sufficiency, reliability, or credibility of any witness or evidence against Plaintiff, and may not testify about whether there was probable cause to charge Plaintiff. *See id*.; *see also Candoli*, 870 F.2d at 506 ("An expert witness is not permitted to testify specifically to a witness' credibility or to testify in such a manner as to improperly buttress a witness' credibility." (citation omitted)).

By no later than March 11, 2021, after meeting and conferring, the parties shall submit a marked-up version of Brass' expert report that conforms with and reflects the court's rulings on this MIL. If disputes remain after meeting and conferring, the parties shall highlight in yellow any disputed portions of the report for the court's review. Brass may not offer any new opinions in connection with the submission.

### M. Defendants' MIL 14, Plaintiff's Expert Grossman

Defendants' motion to exclude expert testimony by Harlan G. Grossman (Docket No. 545) is granted. Grossman's opinions 3 and 4 are improper because Grossman is not a visibility expert who is qualified to opine on the accuracy of the Kayfetz visibility study. *See* Fed. R. Evid. 702 (an expert may be qualified either by "knowledge, skill, experience, or education."). Additionally, if the court finds that the Kayfetz visibility study is admissible, the jury will decide whether it is accurate and/or entitled to any weight. Therefore, Grossman's opinions will not "help the trier of fact to understand the evidence or to determine a fact in issue." *Id*. Further, opinion 4 is an impermissible opinion about Cobbs' credibility. *See Candoli*, 870 F.2d at 506.

Opinions 5 and 6 are improper opinions about ultimate legal conclusions regarding Giannini's actions. Finally, while opinions 1 and 2 about the standard of care for a reasonably competent and careful prosecutor are relevant and permissible, they are cumulative of Brass'

9

opinions and are excluded on that basis.  *See* Fed. R. Evid. 403.

### N.    Plaintiff's MIL 2, Defendants' Expert Cummins

Plaintiff's motion to exclude expert testimony by Paul V. Cummins (Docket No. 572) on the ground that his expert report is not a proper rebuttal expert report is granted in part and denied in part.  The court finds that Cummins' opinions are in rebuttal to Brass' opinions and denies the motion on that basis.  However, Cummins' opinion 9 is not in rebuttal to any expert's opinion. Therefore, Cummins may not offer opinion 9 at trial.  *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (permitting the disclosure of testimony that "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)").

Cummins' remaining opinions, 1 through 8, are subject to the same limitations as discussed above in connection with Brass' opinions (Defendants' MIL 15).  That is, Cummins may testify as to the standard of care of a reasonable prosecutor and may offer opinions about the actions a reasonable prosecutor would take when evaluating evidence and deciding whether to prosecute a criminal defendant, but may not offer opinions about  Giannini's actions in connection with Plaintiff's prosecution or whether he acted in accordance with the standard of care because such opinions go to the ultimate issues regarding causation.  *See Tamman*, 782 F.3d at 552. Cummins may not testify or offer opinions about the sufficiency, reliability, or credibility of any witness or evidence against Plaintiff, and may not testify about whether there was probable cause to charge Plaintiff.  *See id*.; *see also Candoli*, 870 F.2d at 506.

By no later than March 11, 2021, after meeting and conferring, the parties shall submit a marked-up version of Cummins' expert report that conforms with and reflects the court's rulings on this MIL.  If disputes remain after meeting and conferring, the parties shall highlight in yellow any disputed portions of the report for the court's review.  Cummins may not offer any new opinions in connection with the submission.

### O.    Plaintiff's MIL 9, Defendants' Non-Retained Experts Gerrans, Crowley, and Giannini

Plaintiff's motion to exclude Arthur Gerrans, James Crowley, and Alfred Giannini from testifying as non-retained experts (Docket No. 579) is granted in part and denied in part.

United States District Court
Northern District of California

1    Giannini may not testify as an expert or offer opinions about his actions because his

2    actions are tied to the ultimate issues regarding causation.  His opinions are therefore more

3    prejudicial than probative and risk confusing the jury.  *See* Fed. R. Evid. 403.  He may instead

4    testify as a percipient witness in accordance with the court's rulings on Plaintiff's motion in limine

5    26, discussed above.

6          Similarly, Gerrans and Crowley may not offer expert opinions due to the risk of prejudice

7    and jury confusion.  *See* Fed. R. Evid. 403.  Each may testify as a percipient witness about his own

8    experience as an investigator, the actions he took in connection with the Acosta murder

9    investigation, and whether his actions followed the policies and practices in place at the relevant

10   time.  Neither witness may offer opinions about the credibility of other witnesses.  The disclosure

11   did not state that they would offer testimony about whether the actions of others were consistent

12   with the relevant policies and practices; accordingly, they may not offer such testimony.  [Docket

13   No. 579-1.]

14        **P.    Defendants' MIL 9, Evidence or Argument About Crowley and Gerrans'**
              **Investigation for the Purpose of Rebutting Prosecutorial Independent**
15            **Judgment**

16        Defendants' motion to exclude evidence or argument that Crowley and Gerrans'

17   inadequate investigation of the Acosta murder rebuts Giannini's prosecutorial independent

18   judgment (Docket No. 540) is denied.  As discussed, the Ninth Circuit has already held that to the

19   extent that it applies, the presumption of prosecutorial independent judgment has been rebutted

20   and "the analysis reverts back to a normal causation question."  *See Caldwell*, 889 F.3d at 1116-

21   18.  Evidence about Gerrans and Crowley's actions in investigating the Acosta murder is relevant

22   to Plaintiff's theory of causation.

23        **Q.    Defendants' MIL 10, Evidence or Argument That Gerrans and Crowley**
              **Lacked Probable Cause to Refer the Investigation for Prosecution**
24

25        Defendants' motion to exclude evidence or argument that Gerrans and Crowley lacked

26   probable cause to refer the Acosta murder investigation to Giannini (Docket No. 541) is granted as

27   unopposed since the parties do not dispute that Gerrans and Crowley had probable cause to refer

28   the matter for prosecution.

United States District Court
Northern District of California

However, to the extent that Defendants seek to preclude evidence or argument about the lineups Gerrans and Crowley conducted, the motion is denied on the ground that evidence about purported deficiencies in Gerrans and Crowley's investigation is relevant to Plaintiff's theory of causation.  Any risk of jury confusion and/or prejudice to Defendants can be cured by a limiting instruction.  By no later than March 11, 2021, after meeting and conferring, the parties shall submit an agreed-upon limiting instruction explaining that Gerrans and Crowley's conduct in connection with the photo lineup and live lineup did not violate Plaintiff's constitutional rights.

R.   **Defendants' MIL 11, Evidence or Argument that Lineups Were Unduly Suggestive**

Defendants' motion to exclude evidence or argument that Gerrans and Crowley's photo lineup and live lineup were "unduly suggestive" (Docket No. 542) is granted to the extent that Plaintiff may not argue that their actions in connection with the lineups were unconstitutional, since the Ninth Circuit has already adjudicated that issue.  *See Caldwell*, 889 F.3d at 1118. However, as discussed in connection with Defendants' MIL 10, evidence about purported deficiencies in Gerrans and Crowley's investigation is relevant to Plaintiff's theory of causation, subject to the same limiting instruction about the lineups to cure any risk of jury confusion and/or prejudice to Defendants.

S.   **Defendants' MIL 25, Evidence or Argument Regarding Dismissed Claims**

Defendants' motion to exclude evidence and argument "regarding dismissed claims" (Docket No. 556) is granted as unopposed to the extent that no party or witness may refer to the facts that Plaintiff brought claims against Gerrans and Crowley in this lawsuit and that his claims against them were dismissed.  However, as discussed in connection with Defendants' MILs 10 and 11, evidence about purported deficiencies in Gerrans and Crowley's investigation is relevant to Plaintiff's theory of causation, subject to the same limiting instruction about the lineups to cure any risk of jury confusion and/or prejudice to Defendants.

T.   **Defendants' MIL 8, Plaintiff's Expert Fischer**

Defendants' motion to exclude certain opinions by Plaintiff's expert Russell Fischer (Docket No. 539) is granted in part, denied in part, and held in abeyance in part.

United States District Court
Northern District of California

1    The motion is granted as to the following portion of opinion 2: "and these factors suggest

2    that the report of Caldwell's alleged statement is not credible."  This portion of the opinion is

3    impermissible because it goes to an ultimate factual issue in this case; that is, whether Crenshaw

4    fabricated the report of Plaintiff's statements.

5    The motion is denied as to opinion 5, which is relevant to Plaintiff's claims and is not

6    based on Fischer's misunderstanding of Captain Philpott's chain of command.  The motion is also

7    denied as to opinions 7, 8, and 9 regarding the adequacy of the investigation of the Acosta murder,

8    as that subject is relevant to Plaintiff's theory of causation.  The court will rule on Fischer's

9    opinions 12 and 13 in connection with Defendants' MIL 5 to exclude expert testimony by Halford

10   Fairchild (Docket No. 534).

11   Defendants' motion to preclude Fischer from testifying about the three OCC files that he

12   did not review before his December 2020 deposition is denied.  Plaintiff was granted leave to

13   request the production of the three files and did so in 2015, but Defendants did not produce the

14   files until December 2020.  Defendants' inability to question Fischer about the files was caused by

15   their failure to produce them in a timely fashion.

16   **U.    Plaintiff's MIL 3, Exclude Testimony of Expert J. Berg**

17   Plaintiff's motion (Docket No. 573) seeks to preclude expert Joanna Berg from offering

18   testimony about six categories of information.

19   Opinion that Caldwell suffered from ASPD prior to his incarceration in Acosta: granted.

20   Although J. Berg properly disclosed her opinion that Caldwell suffers from ASPD based on her

21   2015 evaluation of him as well as Steward's 2006 diagnosis, J. Berg did not disclose an opinion

22   that he suffered from ASPD prior to his incarceration in Acosta and therefore may not offer that

23   opinion.  The Gibbs opinion is also excluded to the extent it relies on J. Berg's excluded opinion.

24   Testimony about Caldwell's juvenile justice records: granted in part and denied in part.

25   The motion is granted as moot to the extent that Defendants now represent that they do not intend

26   to offer the records into evidence.  The motion is also granted in that J. Berg may not testify about

27   the facts and circumstances underlying Caldwell's juvenile convictions.  Neither J. Berg nor

28   Defendants offered any theory of relevance, and such facts are unduly prejudicial.  However, J.

13

1    Berg may offer testimony about the fact and length of his juvenile incarcerations because the

2    information is relevant to her opinion that he had experience being incarcerated and so his reaction

3    to incarceration as an adult wasn't as severe as Plaintiff suggests.  The parties were ordered to

4    meet and confer and propose a limiting instruction regarding reference to Caldwell's juvenile

5    incarcerations.

6         Testimony about the Steward report: granted in part and denied in part.  J. Berg may testify

7    about the Steward report to the extent that it records a normal mental status and mood that is

8    inconsistent with Caldwell's claims of distress.  As noted above, J. Berg may also reference

9    Steward's 2006 ASPD diagnosis.  However, neither J. Berg nor Defendants offered any theory of

10   relevance about how the statements in Steward's report that Caldwell's history and prison record

11   demonstrate character traits such as oppositionality, argumentativeness, disrespect, and the like are

12   tied to her expert opinions.  Therefore, J. Berg may not refer to information in the Steward report

13   other than as noted above because it is irrelevant and unduly prejudicial.

14        Caldwell's prison disciplinary and parole hearing records: granted.  Neither J. Berg nor

15   Defendants offered a theory of relevance about the character traits described in the records and

16   noted in her report (aggressive behaviors, destructive in personal relationships, etc.) that is tied to

17   her expert opinions.  As such, the information is irrelevant and unduly prejudicial.

18        Post-incarceration arrest: granted in part and denied in part.  J. Berg may testify regarding

19   the fact that he chose to spend extra nights in jail because it is relevant to her opinion about his

20   alleged psychological damage.  The parties were instructed to submit a proposed limiting

21   instruction.  J. Berg may not testify about the reasons for the arrest unless Plaintiff opens the door;

22   such information is irrelevant and unduly prejudicial.

23        Use of marijuana: granted as moot.  The defense represented that they do not intend to

24   elicit testimony about Caldwell's use of marijuana unless he opens the door.

25        **V.      Defendants' MIL 19, Strike Rebuttal Report of P. Berg**

26        Defendants' motion (Docket No. 550) is denied.  P. Berg offers proper expert rebuttal of

27   certain opinions by J. Berg regarding the results of psychological testing.  However, the court will

28   cut off any testimony by P. Berg that is cumulative of Abramson, and vice versa.

United States District Court
Northern District of California

W.    **Defendants' MIL 20, Limit Testimony of Abramson**

Defendants' motion (Docket No. 551) seeks to preclude expert Abramson from offering testimony about five categories of information.

Opinions about Stauss's opinions on prison conditions: granted.  Abramson is not qualified to testify about prison conditions.

Opinions about the legal opinions issued in *Brown v. Plata*: granted.  Abramson is not qualified as a legal expert, and his comments about the *Plata* case are irrelevant, confusing and unduly prejudicial.

Photos of dead individuals in prison: granted.  The pictures are undated, and the individuals and their locations are unidentified.  The pictures, and any testimony about them, are irrelevant and unduly prejudicial.

Opinion that Crenshaw fabricated evidence in the show-up before Cobbs: granted. Abramson is not a police practices or eyewitness identification expert.  His testimony is irrelevant, unduly prejudicial, and improper as it goes to an ultimate issue that must be decided by the jury.

Opinion that Caldwell is innocent: granted.  Abramson's belief that Caldwell is innocent is irrelevant and invades the province of the jury.  Abramson may testify that his opinions are based on the factual assumption that Caldwell is innocent but should not in any way indicate his personal belief on the subject.

X.    **Defendants' MIL 21, Preclude Questioning J. Berg About Mental Examination in Trulove**

Defendants' motion (Docket No. 552) is granted.  The line of questioning is minimally relevant, and outweighed by the potential for confusion, delay, and prejudice.

Y.    **Defendants' MIL 17, Exclude Certain Opinions of Buckley; Defendants' MIL 16, Exclude Evidence of Physical Injury**

Defendants seeks to preclude prison conditions expert Buckley from offering testimony about four categories of information (Docket No. 548).

Testimony that Caldwell suffered severe psychological damage: granted.  Buckley is not qualified to opine on psychological injury.  Buckley was not disclosed as a percipient witness; he may not testify about his percipient observations or opinions about Caldwell's mental state.

1    Testimony that Caldwell suffered severe physical injury in prison: granted.  Buckley is not

2    a medical expert and did not observe the physical injury.  He may not offer testimony about

3    Caldwell being sent out of the prison for medical treatment because such testimony is primarily

4    relevant to the dropped physical injury claim and is otherwise confusing, unduly prejudicial, and

5    may cause undue delay.

6    Relatedly, Defendants' MIL 16 (Docket No. 547) is granted in part.  Caldwell has dropped

7    his claim for damages for physical injuries but has not dropped his claim for psychological injury

8    resulting from physical injury.  Caldwell may testify about the fact of his back injury, including

9    what happened, when, and how it affected his ability to work, because it is relevant to the expert

10   economic damage analysis.  The parties were instructed to submit a proposed limiting instruction.

11   Testimony about Caldwell's character: granted.  Buckley's proposed testimony about

12   Caldwell's inner core values and emotional maturity is irrelevant and improper character evidence.

13   It is unduly prejudicial, confusing and would cause undue delay through a mini-trial regarding his

14   prison discipline records.

15   Testimony about Buckley's psychological damage and the psychological damage suffered

16   by corrections officers: granted.  The proposed testimony is irrelevant, confusing, and unduly

17   prejudicial.

18   **Z.        Plaintiff's MIL 7, Exclude Rebuttal Expert Testimony of Stauss**

19   Plaintiff seeks to preclude prison conditions expert Buckley from offering testimony about

20   four categories of information (Docket No. 576).

21   Opinion that Caldwell suffered no serious psychological or physical injuries in prison:

22   granted.  Like Buckley, Stauss is not qualified to offer opinions on these topics.

23   Opinion that Caldwell's disciplinary record shows inadequate emotional maturity: granted.

24   As with Buckley, Stauss cannot offer irrelevant and improper testimony about Caldwell's

25   character traits.  Such testimony is unduly prejudicial, confusing and would cause undue delay

26   through a mini-trial regarding his prison discipline records.

27   Opinion about rehabilitative opportunities: Granted.  Stauss may testify generally about

28   prison conditions and the availability of rehabilitative opportunities.  Neither party may offer

United States District Court
Northern District of California

16

testimony about whether Caldwell could or should have taken advantage of such opportunities. Such testimony is minimally relevant, speculative and could devolve into a time-consuming mini-trial.

Opinion that Caldwell could have lowered his classification score: Such testimony is relevant to Caldwell's claim that he suffered damage from being incarcerated for long periods of time in Class III and IV institutions.  However, the testimony may be confusing, speculative, prejudicial and cause undue delay.  The parties were ordered to meet and confer to propose a plan for eliciting testimony on this subject as discussed at the pretrial conference.

**IT IS SO ORDERED.**

Dated: March 12, 2021



Donna M. Ryu
United States Magistrate Judge