UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICE CALDWELL,

    Plaintiff,

v.

CITY OF SAN FRANCISCO, et al.,

    Defendants.

Case No. 12-cv-01892-DMR

**PRETRIAL ORDER NO. 2**

Following the second pretrial conference held on March 18, 2021, the court sets forth its pretrial rulings below to supplement its rulings from the bench.

## I. MOTIONS IN LIMINE[1]

### A. Plaintiff's MIL 1, Jordan's Opinions

Plaintiff's motion to exclude certain expert testimony by Howard Jordan (Docket No. 575) is granted in part and denied in part.

Opinion that SFPD discipline policies and practices at the relevant time were consistent with generally accepted police procedures: denied. Plaintiff's argument about Jordan's limited base of knowledge goes to the weight of his opinion and not its admissibility.

Opinion that the SFPD discipline system was effective in disciplining officers in 1990: denied. Jordan disclosed the factual basis for this opinion. Plaintiff's argument goes to the weight of the opinion and not its admissibility.

Opinion about the adequacy of the OCC's investigation into Caldwell's 1990 complaint against Crenshaw: denied. Jordan disclosed the factual basis for his opinion. Plaintiff's argument goes to the weight of the opinion and not its admissibility.

---

[1] The court addresses the motions in limine in the order in which they were discussed at the March 18, 2021 pretrial conference.

Opinion about the adequacy of the OCC's investigations into other complaints against Crenshaw: granted. Jordan did not disclose any factual basis to support his conclusory opinion.

Opinion about whether SFPD was deliberately indifferent to racism among its officers in 1990: granted. The court granted summary judgment on Plaintiff's "systemic racism" *Monell* theory due to Plaintiff's pleading failure. Therefore, Jordan's opinion is excluded as irrelevant. No witness should refer to "deliberate indifference," which is an ultimate legal question to be decided by the jury.

### B. Defendants' MIL 13, Kayfetz's Visibility Study

Defendants' motion to exclude expert testimony by Paul Kayfetz and the Visibility Study he prepared (Docket No. 544) is denied. Defendants' argument about whether the Visibility Study accurately depicts the lighting conditions at the time of the Acosta murder goes to the weight to be given to the Visibility Study, not its admissibility. As to Defendants' argument that the Visibility Study cannot be replicated, the result of Kayfetz's calibration is documented in the videos and still images themselves.

### C. Plaintiff's MIL 5, Jason's Reports

Plaintiff's motion to exclude certain expert opinions and materials by Alexander Jason (Docket No. 584) is granted in part and denied in part.

**Five digital renderings in Jason's initial expert report:** granted. Jason admits that his renderings do not reflect accurate measurements and are not based on any tested method. Visibility and lighting at the time of the Acosta murder are important factual issues. Therefore, the risk of confusing and misleading the jury about the amount of light provided near the streetlight outweighs the minimal probative value of Jason's renderings.

**Jason's Rebuttal to Kayfetz:**

Opinions interpreting Cobbs' trial testimony: granted. The jury will decide what Cobbs' testimony meant and whether it was credible. Jason may reference Cobbs' testimony about the shotgun shooter being 24 feet away and offer opinions about what could be seen from that distance, but no expert may offer opinions interpreting, bolstering, or characterizing Cobbs' testimony.

2

Opinion that the shotgun shooter was 24 feet from Cobbs' window: granted for the reasons described above.

Opinions about the phenomena of night adaptation and familiar face and gait recognition: granted. Defendants have not established that Jason is qualified by education or experience to offer opinions on these subjects.

Opinions regarding nighttime lighting conditions in 1990: granted in part. Jason can testify about the different light bulbs and difference in lumens but may not offer any opinions about the significance of those differences because he did not provide any factual or methodological support for any such opinions.

Opinions regarding the impact of reflected light or light from inside the apartments: denied.

**Jason's Rebuttal to Coleman:**

Opinion about probable location of the shotgun shooter: denied. Jason's rebuttal opinion on this point was adequately disclosed.

Opinion that Cobbs could have seen the shotgun shooter: granted in part. As discussed above, Jason may reference Cobbs' testimony about the shotgun shooter being 24 feet away and offer opinions about what could be seen from that distance, but no expert may offer opinions interpreting, bolstering, or characterizing Cobbs' testimony.

**Jason's Late-Disclosed "Deposition Exhibits":** granted as to the exhibits themselves and Jason's opinions regarding the subjects described in the exhibits. Jason could have raised these subjects in his rebuttal reports.

D.   **Defendants' MIL 12, Coleman's Opinions**

Defendants' motion to exclude certain expert opinions by Christopher Coleman (Docket No. 543) is granted in part and denied in part.

Opinion 4: granted. Coleman is not qualified to offer this opinion, and for the reasons stated in ruling on other motions in limine covered in Pretrial Order No. 1, no witness may opine about the sufficiency of the prosecutor's actions in connection with Plaintiff's prosecution.

Opinion 5: granted in part. Coleman may not offer the opinion that "the SFPD and SFDA

pre-judged Mr. Caldwell" because it is outside of the scope of his expertise.

Opinion 6: granted in part. Coleman may offer his opinion that based on his experience and observations, police investigators and district attorneys often did not perform thorough crime scene investigations for crimes that occurred in inner city housing projects in the 1980s and 90s, but may not offer his opinion about why that occurred, as he did not disclose such an opinion or the factual basis for it, nor has he established that he is qualified to offer that opinion.

### E. Plaintiff's MIL 18, Use of Demonstrative Exhibits in Opening Statement

Plaintiff's motion for leave to allow his counsel to use Kayfetz's Visibility Study and diagrams created by Coleman during opening statement (Docket No. 574) is denied.

### F. Plaintiff's MIL 27, Current Condition of Cobbs' Building

Plaintiff's motion to preclude Defendants from claiming that the apartment building where Cobbs lived in 1990 has been completely torn down and rebuilt (Docket No. 569) is granted as unopposed.

### G. Plaintiff's MIL 17, Jury Site Visit

Plaintiff's motion for an order for the jury to visit the scene of the Acosta murder during the trial (Docket No. 518) is denied. Plaintiff has not shown that existing evidence including pictures, drawings, diagrams, and expert analyses, will not adequately describe the scene for the jury. Additionally, the difficulty of safely transporting jurors to the scene at night during the COVID-19 pandemic weighs against granting the motion.

### H. Defendants' MIL 6, Plaintiff's Expert Jennifer Thompson

Defendant's motion to exclude the expert testimony of Jennifer Thompson (Docket No. 535) is granted. Thompson did not analyze Cobbs' identification using any accepted scientific method. In addition, her testimony is cumulative of Plaintiff's expert Jennifer Dysart, who is qualified to testify about the fallibility of eyewitness identifications. Finally, Thompson's proposed testimony is largely based on her own personal experience of misidentifying her alleged rapist which resulted in his lengthy and unjust incarceration. The minimal probative value of her testimony is outweighed by the potential confusion and prejudice caused by inflaming jury sympathy about what happened to the wrongfully accused perpetrator in Thompson's case.

#### I. Plaintiff's MIL 21, Reference to Felicia Stanberry

Plaintiff's motion to exclude any reference to Felicia Stanberry (Docket No. 520) is denied. Evidence regarding Stanberry's murder is relevant to Gerrans and Crowley's states of mind in dealing with Cobbs as a witness and relocating her. However, the evidence is subject to a limiting instruction. By no later than 4/1/21, the parties shall submit an agreed-upon limiting instruction explaining that there is no evidence that Mary Cobbs was aware of Felicia Stanberry's murder and the limited purpose for which the jury can consider evidence about her murder.

#### J. Plaintiff's MIL 14, Reference to Welfare & Institutions Code § 4900 Proceedings

Plaintiff's motion to exclude reference to Plaintiff's section 4900 proceedings (Docket No. 570) is denied as conditionally unopposed since Defendants represent that they do not intend to raise the topic affirmatively. The motion is also denied as moot because the court has already ruled that no one can state that Caldwell was found guilty, found not guilty, or found innocent, because none of those statements are accurate.

#### K. Defendants' MIL 22, Preclude Testimony by Deborah Caldwell

Defendants' motion to preclude the testimony of Deborah Caldwell (Docket No. 553) is granted. Plaintiff did not timely disclose this witness, nor was she adequately disclosed through discovery.

#### L. Plaintiff's MIL 25, Preclude Testimony by Kilshaw

Plaintiff's motion to preclude testimony by Jill Kilshaw on the topics of the OCC policies, practices and procedures during the relevant time period (Docket No. 523) is granted. Kilshaw was not disclosed as a percipient witness. The court previously ruled in connection with the *Monell* summary judgment motion that Kilshaw could testify regarding the authentication of OCC and SFPD documents because her non-disclosure on that topic was harmless. Kilshaw may only provide testimony to authenticate those documents. To the extent that Plaintiff seeks to preclude testimony by other non-experts on OCC policies, practices and procedures, the motion is denied as vague and overbroad.

#### M. Plaintiff's MIL 15, Defendants' Financial Condition

Plaintiff's motion to preclude Defendants from arguing that their financial condition

prevents them from being able to satisfy an award (Docket No. 515) is granted as unopposed. Defendants represent that they will not offer such testimony or refer to Defendants' financial condition unless Plaintiff opens the door.

### N. Defendants MIL 24, Leading Questions of Hostile Witnesses

Defendants' request for permission to ask leading questions of two groups of hostile witnesses (Docket No. 555) is denied without prejudice. The parties shall meet and confer to identify the witnesses who they believe are hostile to each side and can be led by that side. By 4/15/21, the parties shall file an agreed list and shall also identify disputed witnesses.

### O. Plaintiff's MIL 22, Character Evidence

Plaintiff's motion to exclude six categories of irrelevant and highly prejudicial evidence attacking Plaintiff's character (Docket No. 528) is granted in part and denied in part.

Juvenile record: The court adopts its prior rulings with respect to J. Berg (Plaintiff's MIL 3) and Stauss (Plaintiff's MIL 7). The court holds its ruling in abeyance with respect to Gibbs pending the court's ruling on Plaintiff's motion challenging Gibbs' opinions.

Pre-conviction arrests except for the 1/24/90 arrest that led to Caldwell's OCC complaint: granted in part and denied in part. Defendants may elicit testimony about Plaintiff's arrests for discharging a firearm because it is relevant to Crenshaw's statement upon which the OCC complaint was sustained. The parties shall provide a proposed limiting instruction by 4/1/21. The motion is granted as to the other arrests. Defendants' opposition did not provide a specific factual argument as to the relevance of any of these arrests and any minimal relevance is outweighed by undue prejudice.

Purported gang affiliation: granted. The evidence supporting Plaintiff's gang affiliation is vague and speculative. Defendants' opposition did not provide a specific factual argument about the relevance of Plaintiff's purported gang affiliation. Therefore, any minimal relevance is outweighed by undue prejudice.

Prison records: The court adopts its prior rulings with respect to J. Berg (Plaintiff's MIL 3) and Stauss (Plaintiff's MIL 7). The court will review and rule on the parties' competing submissions regarding the prison classification system. The court holds its ruling in abeyance

with respect to Gibbs pending the court's ruling on Plaintiff's motion challenging Gibbs' opinions.

Post-conviction arrest for domestic violence: The court adopts its prior ruling with respect to J. Berg (Plaintiff's MIL 3).

Marijuana use: The court adopts its prior ruling with respect to J. Berg (Plaintiff's MIL 3).

**IT IS SO ORDERED.**

Dated: March 23, 2021



Donna M. Ryu
United States Magistrate Judge